IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-49-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| DEVIN HALL, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Hall of violating his conditions of supervised release by (1) committing another crime, (2) failing to report for substance abuse testing, (3) failing to report for substance abuse treatment, and (4) providing a breath sample that tested positive for alcohol on two occasions. He admitted to the violations. Mr. Hall's supervised release should be revoked. He should be sentenced to six months of custody and twenty-four months of supervised release.

## II. Status

In October 2010, Mr. Hall pleaded guilty to four counts of Burglary. (Docs. 29-30.) United States District Court Judge Sam E. Haddon sentenced Mr. Hall to 60 months of custody on each count, to run concurrently, and 36 months of

1

supervised release on each count, to run concurrently. (Doc. 36.) Mr. Hall's term of supervised release began on November 27, 2015. (Doc. 44.)

On February 19, 2016, the United States Probation Office filed a Report on Offender under Supervision notifying the Court that Mr. Hall failed to report for substance abuse treatment, used alcohol, failed to notify his probation officer within 72 hours of law enforcement contact, and failed to report for sex offender treatment. (Doc. 43.)

On June 6, 2016, the Court revoked Mr. Hall's supervised release because he failed to comply with substance abuse testing and treatment and failed to comply with sex offender treatment. He also consumed alcohol, consumed controlled substances, and failed to report to his probation officer as directed. (Doc. 55.) United States District Judge Brian Morris sentenced him to six months in custody and thirty months of supervised release on all counts, to run concurrently. (*Id.*) Mr. Hall began his current term of supervised release on October 19, 2016.

**Petition**

The United States Probation Office filed a petition asking the Court to revoke Mr. Hall's supervised release on January 5, 2017, alleging that he violated the terms of his supervised release by (1) committing another crime, (2) failing to report for substance abuse testing, (3) failing to report for substance abuse

treatment, and (4) providing a breath sample that tested positive for alcohol on two occasions. (Doc. 58.) Based on the petition, United States District Court Judge Brian Morris issued a warrant for Mr. Hall's arrest. (Doc. 59.)

**Initial appearance**

Mr. Hall appeared before the undersigned on January 24, 2017, in Great Falls, Montana, for an initial appearance. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jessica Betley represented the United States.

Mr. Hall said he had read the petition and understood the allegations. Mr. Hall waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The hearing commenced.

**Revocation hearing**

Mr. Hall admitted that he violated the conditions of his supervised release as alleged in the petition. The violations are serious and warrant revocation of Mr. Hall's supervised release.

Mr. Hall's violation grade is Grade C, his criminal history category is I, and his underlying offenses are Class C felonies. He could be incarcerated for up to 24 months on each count and ordered to remain on supervised release for 30 months on each count, less any custody time imposed. The United States Sentencing

Guidelines call for three to nine months in custody.

Mr. Arvanetes recommended a sentence of five to six months in custody, with supervised release to follow. Ms. Betley recommended a sentence of six months in custody, with supervised release to follow. Mr. Hall addressed the Court and acknowledged that he has a drinking problem and needs to find a new group of friends.

### III. Analysis

Mr. Hall's supervised release should be revoked because he admitted violating its conditions. Mr. Hall should be sentenced to six months of custody and 24 months of supervised release. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Mr. Hall was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Hall's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Hall's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Mr. Hall violated the conditions of his supervised release by (1) committing another crime, (2) failing to report for substance abuse testing, (3) failing to report for substance abuse treatment, and (4) providing a breath sample that tested positive for alcohol on two occasions.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Hall's supervised release and committing Mr. Hall to the custody of the United States Bureau of Prisons for six months on Count I, six months on Count II, six months on Count III, and six months on Count IV, all sentences to run concurrently. He should be sentenced to 24 months of supervised release on each count, to run concurrently. The conditions of supervision previously imposed, which are fully set forth in the proposed judgment, should be imposed.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive

the right to appear and allocute before a district judge.

Dated the 14th day of February, 2017.

_____
John Johnston
United States Magistrate Judge