IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-49-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| DEVIN HALL, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Hall of violating his conditions of supervised release by (1) consuming alcohol, (2) failing to report to the probation office within seventy-two hours of contact with law enforcement, (3) failing to participate in substance abuse treatment, (4) failing to participate in substance abuse testing, and (5) failing to complete his sex offender treatment program. He admitted to the violations. Mr. Hall's supervised release should be revoked. He should be sentenced to nine months of custody with eleven months of supervised release to follow.

## II. Status

In October 2010, Mr. Hall pleaded guilty to four counts of Burglary. (Docs.

1

29-30). United States District Court Judge Sam E. Haddon sentenced Mr. Hall to sixty months of custody on each count, to run concurrently, and thirty-six months of supervised release on each count, to run concurrently. (Doc. 36). Mr. Hall's term of supervised release began on November 27, 2015. (Doc. 44).

On February 19, 2016, the United States Probation Office filed a Report on Offender under Supervision notifying the Court that Mr. Hall failed to report for substance abuse treatment, used alcohol, failed to notify his probation officer within 72 hours of law enforcement contact, and failed to report for sex offender treatment. (Doc. 43).

On June 6, 2016, the Court revoked Mr. Hall's supervised release because he failed to comply with substance abuse testing and treatment and failed to comply with sex offender treatment. He also consumed alcohol, consumed controlled substances, and failed to report to his probation officer as directed. (Doc. 55). United States District Judge Brian Morris sentenced him to six months in custody and thirty months of supervised release on all counts, to run concurrently. (*Id.*) Mr. Hall began his term of supervised release on October 19, 2016.

The United States Probation Office filed a petition asking the Court to revoke Mr. Hall's supervised release on January 5, 2017, alleging that he violated the terms of his supervised release by committing another crime, failing to report

for substance abuse testing, failing to report for substance abuse treatment, and providing a breath sample that tested positive for alcohol on two occasions. (Doc. 58). He was sentenced to six months custody with twenty-four months of supervised release to follow. (Doc. 67). His subsequent term of supervision began on July 20, 2017.

On August 3, 2017, The United States Probation Office filed a petition asking the Court to revoke Mr. Hall's supervised release, alleging that he violated the terms of his supervised release by failing to report to his probation officer within seventy-two hours of being released. (Doc. 70). He was sentenced to four months custody with twenty months of supervised release to follow. (Doc. 82). His current term of supervision began on December 4, 2017.

**Petition**

On February 1, 2018, the United States Probation Office filed a Petition for Warrant or Summons and Order asking the Court to revoke Mr. Hall's supervised release. The petition alleged that on January 23, 2018, Mr. Hall was intoxicated while wandering the streets of Poplar, Montana, and was taken into custody. Also, the petition alleged that Mr. Hall did not report that contact with law enforcement to his probation officer as required. The petition also alleged that Mr. Hall had not been in contact with his substance abuse testing and treatment vendor, and had

therefore not been participating in mandatory treatment or testing. Finally, the petition alleged that Mr. Hall had not maintained contact with his sex offender treatment vendor and had likewise not been participating in said treatment. (Doc. 85). Based on the Petition, United States District Court Judge Brian Morris issued a warrant for Mr. Hall's arrest. (Doc. 86).

**Initial appearance**

Mr. Hall appeared before the undersigned on February 21, 2018, in Great Falls, Montana, for an initial appearance. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Hall said he had read the Petition and understood the allegations. Mr. Hall waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Hall admitted that he violated the conditions of his supervised release as alleged in the Petition. The violations are serious and warrant revocation of Mr. Hall's supervised release.

Mr. Hall's violation grade is Grade C, his criminal history category is I, and his underlying offenses are Class C felonies. He could be incarcerated for up to

twenty-four months on each count and ordered to remain on supervised release for twenty months on each count, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommended a guideline sentence of six months in custody, with supervised release to follow, noting that Mr. Hall was seeking more treatment and more supervised release, rather than a longer sentence with no supervised release to follow. Mr. Hall addressed the Court and stated that he realizes that he needs to get his act together and believes he will be able to. Mr. Cobell recognized that this was Mr. Hall's fourth revocation and recommended a sentence at the high end of the guideline range.

### III.  Analysis

Mr. Hall's supervised release should be revoked because he admitted violating its conditions. After considering the testimony and argument presented at the hearing, the Court recommends Mr. Hall should be sentenced to nine months of custody and eleven months of supervised release. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Mr. Hall was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Hall's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Hall's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Mr. Hall violated the conditions of his supervised release by (1) consuming alcohol, (2) failing to report to the probation office within seventy-two hours of contact with law enforcement, (3) failing to participate in substance abuse treatment, (4) failing to participate in substance abuse testing, and (5) failing to complete his sex offender treatment program.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Hall's supervised release and committing Mr. Hall to the custody of the United States Bureau of Prisons for nine months custody. He should be sentenced to eleven months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 22nd day of February, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge