FILED
JAN 04 2019
Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEVIN HALL,<br><br>Defendant. | CR 10-49-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Devin Hall (Hall) has been accused of violating the conditions of his supervised release. Hall admitted the alleged violation. Hall's supervised release should be revoked. Hall should be placed in custody for 5 months, with no supervised release to follow.

## II. Status

Hall pleaded guilty to four counts of Burglary on October 26, 2010. (Doc. 29). The Court sentenced Hall to 60 months of custody, followed by 3 years of supervised release. (Doc. 36). Hall's current term of supervised release began on November 5, 2018. (Doc. 96 at 2).

**Petition**

The United States Probation Office filed a Petition on December 4, 2018, requesting that the Court revoke Hall's supervised release. (Doc. 96). The Petition alleges that Hall violated the conditions of his supervised release by failing to report to the United States Probation Office within 72 hours of his release from custody. (Doc. 96 at 2). United States District Judge Brian Morris issued a warrant for Hall's arrest on December 4, 2018. (Doc. 97).

**Initial appearance**

Hall appeared before the undersigned for his initial appearance on January 3, 2019. Hall was represented by counsel. Hall stated that he had read the petition and that he understood the allegations. Hall waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 3, 2019. Hall admitted that he had violated the conditions of his supervised release by failing to report to the United States Probation Office within 72 hours of his release from custody. The violation is serious and warrants revocation of Hall's supervised release.

Hall's violation is a Grade C violation. Hall's criminal history category is I. Hall's underlying offenses are Class C felonies. Hall could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 11 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

Hall requested a term of custody of 5 months. Hall requested that he serve his term of custody at the Bureau of Prison's facility in Butner, North Carolina. The government requested a term of custody of 6 to 9 months.

### III. Analysis

Hall's supervised release should be revoked. Hall should be incarcerated for 5 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Hall that the above sentence would be recommended to Judge Morris. The Court also informed Hall of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Hall that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Hall stated that he wished to waive his right to

object to these Findings and Recommendations.

The Court **FINDS:**

>That Devin Hall violated the conditions of his supervised release by failing to report to the United States Probation Office within 72 hours of his release from custody.

The Court **RECOMMENDS:**

>That the District Court revoke Hall's supervised release and commit Hall to the custody of the United States Bureau of Prisons for a term of imprisonment of 5 months, with no supervised release to follow. Hall should serve his term of custody at the Bureau of Prison's facility in Butner, North Carolina.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the

right to appear and allocute before a district judge.

DATED this 4th day of January, 2019.

John Johnston
United States Magistrate Judge